IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
SOUTHERN DIVISION

| | |
|---|---|
| JESSICA KAUTZ, | ) |
| Plaintiff, | ) |
| v. | ) Case No. 6:19-03310-CV-RK |
| SPRINGFIELD POOL & SPA, LLC, | ) |
| Defendant. | ) |

### ORDER ON PLAINTIFF'S MOTION FOR PARTIAL SUMMARY JUDGMENT

Before the Court is Plaintiff Jessica Kautz's motion for partial summary judgment. (Doc. 27.) The motion is fully briefed. (Docs. 28, 29, 33.) After careful consideration, and for the reasons set forth below, the motion is **DENIED**.

### Background

On a motion for partial summary judgment, the court draws facts from the parties' statements of uncontroverted material facts. (Docs. 28, 29, 33) Plaintiff worked for Defendant, Springfield Pool & Spa, LLC., which is a pool and hot tub supply retailer. Petty cash in the amount of $603.17 went missing from Defendant's property on or about December 7, 2018. (Doc. 28-1.) Defendant asked several of its employees to take a polygraph test, including Plaintiff. On December 7th, the managing partner for Defendant, Edward White, did not suspect Plaintiff had taken the petty cash. (Doc. 33-1 at 4.) On December 18, 2018, Plaintiff took and failed the polygraph test and was fired three days later. Mr. White claimed as follows during his deposition:

> Well, after investigating and speaking with employees and looking at her past work history . . . the polygraph played a small part in my final determination . . . that I thought she had done it, she had prior thefts, employees had seen her making suspicious runs out to her car on the same day . . . that combined with a lot of employees pointing the finger at her . . . that's really what made me surmise . . . that maybe she had possibly taken it . . . and, really, we just kind of didn't even need her at the time, so it was – she was an at will employee, we didn't need her, taking all this into consideration, notwithstanding the polygraph test, I just thought that it was time . . . to cut some labor really.

(Doc. 32-2 at 3.)

Plaintiff filed this case in the Circuit Court of Greene County, Missouri, alleging violations of the Employee Polygraph Protection Act, 29 U.S.C.A. § 2000, et. seq. ("EPPA"). Defendant

1

then removed the case to this Court on the basis of federal question jurisdiction. The parties have filed cross motions for summary judgment. (Docs. 27, 31.) Plaintiff's motion seeks partial summary judgment on the issue of liability only.

## Legal Standard

The Court "shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). The Court views the evidence "in the light most favorable to the nonmoving party and giv[es] the nonmoving party the benefit of all reasonable inferences." *Fed. Ins. Co. v. Great Am. Ins. Co.*, 893 F.3d 1098, 1102 (8th Cir. 2018) (citations and quotation marks omitted).

## Discussion

Plaintiff argues it is undisputed that the Defendant is liable under the EPPA since there was an admission that the polygraph played a role in her termination. (Doc. 33-1 at 5.) Mr. White stated during his deposition that the results of the polygraph "were a very small role" in his decision to terminate the Plaintiff. *Id.* Plaintiff argues *Worden v. SunTrust Banks Inc.* sets the causation standard for liability in EPPA cases. 549 F.3d. 334 (4th Cir. 2008). In *Worden*, the court ruled that "a plaintiff is only required to show that the results of the polygraph examination were a factor in the termination of employment as part of establishing a prima facie case under § 2002(3)." *Id.* at 341. Plaintiff also suggests that she need only prove that the results of the polygraph were a "motivating factor" for her termination, which is the causation standard in certain Title VII discrimination cases. *See id.* at 342 (citing 42 U.S.C. § 2000e-2(m)). (Doc. 27; Doc. 28 at 4-5.)

If that standard were to apply here, the Manual of Model Civil Jury Instructions for the District Courts of the Eighth Circuit § 5.21 would define "motivating factor" as follows:

> As used in these instructions, the plaintiff's [polygraph results] were a "motivating factor" if the plaintiff's [polygraph results] played a part or a role in the defendant's decision to discharge the plaintiff. However, the plaintiff's [polygraph results] need not have been the only reason for the defendant's decision to discharge the plaintiff.

Defendant cites *Gross v. FBL Financial Services, Inc.* arguing a "but-for" causation standard applies. 557 U.S. 167 (2009). In *Gross,* the Supreme Court held that for an age discrimination claim, the plaintiff must prove, "by a preponderance of the evidence, that age was the 'but-for' cause of the challenged adverse employment action." *Id.* at 167. 29 U.S.C. § 2002 states, "Except as provided in sections 2006 and 2007 of this title, it shall be unlawful for any

2

employer engaged in or affecting commerce . . . to discharge . . . any employee or prospective employee on the basis of the results of any lie detector test."

The "on the basis of" language of the statute supports Defendant's argument that a "but-for" causation standard applies to cases under the EPPA. Defendant argues the "but-for" and "because of" language is analogous to "on the basis of." Defendant claims Plaintiff fails to assert a fact that proves the polygraph examination was *the reason* for her termination. The Supreme Court recently decided, in *Comcast Corp. v. National Association of African American-Owned Media*, the causation standard for any tort is the "but-for" standard unless Congress has specifically included language in the governing statute to require otherwise. 140 S. Ct. 1009 (2020). The Supreme Court stated:

> Few legal principles are better established than the rule requiring a plaintiff to establish causation. In the law of torts, this usually means a plaintiff must first plead and then prove that its injury would not have occurred "but-for" the defendant's unlawful conduct. The plaintiffs before us suggest that 42 U.S.C. § 1981 departs from this traditional arrangement. But looking to this particular statute's text and history, we see no evidence of an exception.

*Id.* at 1013.

Likewise, in this case, there is nothing in the statute to suggest that the "motivating factor" standard or any standard other than the "but-for" standard applies. This Court is bound to follow *Comcast*'s holding that the "but-for" causation standard applies absent evidence to the contrary. Mr. White testified that Plaintiff's prior thefts, employee interviews, and her dispensability played a role in his decision to terminate her. Mr. White's admission that the polygraph was a small part of his decision to terminate the Plaintiff does not prove that the "but-for" standard was met. Therefore, the Court cannot grant partial summary judgment for Plaintiff.

### Conclusion

After careful consideration, Plaintiff's motion for partial summary judgment (Doc. 27) is **DENIED.**

**IT IS SO ORDERED**.

s/ Roseann A. Ketchmark
ROSEANN A. KETCHMARK, JUDGE
UNITED STATES DISTRICT COURT

DATED: July 9, 2020