# IN THE UNITED STATES DISTRICT COURT FOR THE
# WESTERN DISTRICT OF MISSOURI
# SOUTHERN DIVISION

| | |
|---|---|
| JESSICA KAUTZ, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No. 6:19-03310-CV-RK |
| | ) |
| SPRINGFIELD POOL & SPA, LLC, | ) |
| | ) |
| Defendant. | ) |

## ORDER ON DEFENDANT'S MOTIONS FOR SUMMARY JUDGMENT

Before the Court is Defendant Springfield Pool & Spa, LLC's motion for summary judgment. (Doc. 31.) The motion is fully briefed. (Docs. 32, 37, 41, 42.) After careful consideration, and for the reasons set forth, the motion is **DENIED.**

### Background

On a motion for summary judgment, the court draws facts from the parties' statements of uncontroverted material facts. (Docs. 32, 37, 41, 42.) Plaintiff worked for Defendant, Springfield Pool & Spa, LLC, which is a pool and hot tub supply retailer, from approximately May 2014 to December 2018. After $603.17 of petty cash went missing, the defendant was asked to take a polygraph. On December 18, 2018, Plaintiff took and failed the polygraph test, and was fired three days later.

Plaintiff filed this case in the Circuit Court of Greene County, Missouri, alleging violations of the Employee Polygraph Protection Act, 29 U.S.C.A. § 2000, et. seq. ("EPPA"). Defendant then removed the case to this Court on the basis of federal question jurisdiction. The parties filed cross motions for summary judgment. (Docs. 27, 31.) Defendant's motion seeks summary judgment on Plaintiff's wrongful termination claim and Defendant's unjust enrichment claim.

### Legal Standard

The Court "shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56. The Court views the evidence "in the light most favorable to the nonmoving party and giv[es] the nonmoving party the benefit of all reasonable inferences." *Fed. Ins. Co. v. Great Am. Ins. Co.,* 893 F.3d 1098, 1102 (8th Cir. 2018) (citations and quotation marks omitted).

**Discussion**

The Court first acknowledges that Plaintiff, in her opposition to Defendant's Motion to Dismiss, did not comply with local rules regarding summary judgment procedure by failing to include a concise listing of additional material facts relied on. Local Rule 56.1 states:

> If the opposing party relies on any facts not contained in the movant's suggestions, the party must add a concise listing of material facts. Each fact in dispute must be set forth in a separately numbered paragraph and properly supported in accordance with Fed. R. Civ. P. 56(c).

The Court has discretion on whether to sanction such violation. *See Jones v. United Parcel Serv., Inc.*, 461 F.3d 982 (8th Cir. 2006).[1] Although Plaintiff failed to separately list facts relied upon in their opposition brief, Plaintiff still supported additional facts with the record. Therefore, the court does not deem it necessary to strike Plaintiff's additional facts.

Defendant argues that the Court should grant summary judgment against Plaintiff's claim of wrongful termination under the EPPA. As stated in Court's previous order (Doc. 45) denying Plaintiff's Motion for Summary Judgment, a "but-for" standard of causation applies. *Comcast Corp. v. Nat'l Ass'n of African Am.-Owned Media,* 140 S. Ct. 1009 (2020). The "but-for" causation standard as stated in The Manual of Model Civil Jury Instructions for the District Courts of the Eighth Circuit in Instruction 10.40 reads:

> "but-for" does not require that the [polygraph] was the only reason for the decision made by the defendant. [You may find that the defendant would not have discharged the plaintiff "but-for" the plaintiff's [polygraph] if it has been proved that the defendant's stated reason(s) for its decision(s) [(is)(are)] not the real reason(s), but [(is)(are)] a pretext to hide [polygraph] discrimination.[2]

In his deposition, Edward White, the managing partner of Defendant, testified, "the polygraph played a small part in my final determination." (Doc 32-2 p. 3.) Further, no disciplinary action was taken prior to the polygraph examination and Plaintiff was fired three days after she took the polygraph. Edward White's testimony, along with the other facts, creates a genuine issue

---

[1]The Eighth Circuit Court of Appeals held that the district court did not abuse its discretion by deeming the movant's statement of material facts as admitted because of the non-moving party's failure to comply with local rules. The Eighth Circuit held striking facts was within the Court's jurisdiction.

[2] The Model Jury Instructions for the Eighth Circuit do not include model instructions specific for the EPPA. This jury instruction was adopted and modified from § 10.40 Elements of Claim: Retaliation for Participation in Proceedings Under Employment Statutes. *See also* §§ 6.40, 10.41, 11.41.

of fact as to whether the polygraph results were the "but-for" cause of the adverse employment action. From the facts given and the deposition testimony of Mr. White, a reasonable jury could find that the polygraph test was the "but-for" cause of Plaintiff's termination.

In support of its argument, Defendant cites *Bass v. Wendy's*, holding the employer had not violated EPPA. 526 F. App'x, 603 (6th Cir. 2013). The Court finds *Bass* distinguishable. First, while in *Bass*, the plaintiff was denied a promotion, here Plaintiff's employment was terminated. *Id.* at 599. Second, Mr. Bass took his polygraph over two years before Wendy's decided not to promote him. *Id.* at 600. Here, Plaintiff was fired three days after she took hers. Third, besides the polygraph test, Mr. Bass had accumulated a vast set of complaints and disciplinary actions against him including security violations, food safety violations, cost control issues, and tardiness. *Id.* at 603. In contrast, Plaintiff here had no prior disciplinary actions against her and the only notice of discipline that was given, was on the day of the polygraph examination. Based on the disparity of the two cases, the Court will not rely on *Bass* and will deny Defendant's motion for summary judgment on the EPPA claim.

As to Defendant's request for summary judgment on their unjust enrichment claims, the Clerk of Court has entered an order of default. Therefore, the request for summary judgment on the unjust enrichment claim will be denied as moot. (Doc. 47.)

## Conclusion

After careful consideration, Defendant's motion for summary judgment (Doc. 31.) is **DENIED.**

**IT IS SO ORDERED**.

s/ Roseann A. Ketchmark
ROSEANN A. KETCHMARK, JUDGE
UNITED STATES DISTRICT COURT

DATED: August 12, 2020